## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JOHN DOE,

      Plaintiff,

      v.

OFFICE OF THE KANSAS SECURITIES
COMMISSIONER,

      Defendant.

Case No. 2:17-cv-2510-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff John Doe filed this civil action asking the Court to quash a search warrant issued by Shawnee County, Kansas District Judge Richard D. Anderson to Google, Inc. for electronic mail associated with a particular e-mail address belonging to John Doe. The search warrant was issued upon application by Defendant Office of the Kansas Securities Commissioner ("KSC"). Before the Court is Defendant's Motion to Dismiss (Doc. 5), which argues that this Court either lacks jurisdiction, or should abstain from exercising federal jurisdiction. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion and dismisses the Complaint for lack of jurisdiction.

I.      **Standards**

Defendant's motion to dismiss challenges this Court's subject matter jurisdiction over Plaintiff's challenge to a state court-issued search warrant. It is axiomatic that a motion to dismiss for lack of subject matter jurisdiction arises under Fed. R. Civ. P. 12(b)(1). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[1] "A case arises under federal law if its 'well pleaded complaint

---

[1] 28 U.S.C. § 1331.

establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law.'"[2]  Plaintiff is

responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[3]

Mere allegations of jurisdiction are not enough.[4]

      Generally, a Rule 12(b)(1) motion takes one of two forms: a facial attack or a factual

attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction

questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a

district court must accept the allegations in the complaint as true."[5]  "Second, a party may go

beyond allegations contained in the complaint and challenge the facts upon which subject matter

jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district

court may not presume the truthfulness of the complaint's factual allegations.  A court has wide

discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve

disputed jurisdictional facts under Rule 12(b)(1)."[6]

      To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6),

a complaint must present factual allegations, assumed to be true, that "raise a right to relief above

the speculative level," and must contain "enough facts to state a claim to relief that is plausible

on its face."[7]  The plausibility standard does not require a showing of probability that a defendant

has acted unlawfully, but requires more than "a sheer possibility."[8]  "[M]ere 'labels and

---

[2]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).

[3]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[4]*Id.* at 798.

[5]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

[6]*Id.* at 1003 (citation omitted).

[7]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[8]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[9]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[10]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[11]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[12]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

## II.    Background

Defendant lodges a facial attack on the sufficiency of Plaintiff's jurisdictional allegations, and argues that the facts as alleged and the relief sought fail to state a claim upon which relief may be granted.  Therefore, the Court accepts the following factual allegations in the Complaint

---

[9]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[10]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11]*Id.*

[12]*Id.* at 679.

[13]*Id.*

[14]*Id.* at 678.

as true for purposes of deciding this motion.[15]   The Court also considers the documents attached

to the Complaint—the search warrant at issue in this case,[16] and the notice sent by Google to

Plaintiff on May 18, 2017.[17]

On March 8, 2017, a person employed by the KSC made application to the District Court

of Shawnee County, Kansas for a search warrant to obtain the electronic mail associated with

address [REDACTED]@gmail.com, an e-mail address maintained by Google, Inc. ("Google").[18]

That same day, the application was granted and the search warrant was issued by District Judge

Richard D. Anderson.  In issuing the search warrant, Judge Anderson found "probable cause to

believe that an offense against the laws of Kansas had been committed and that certain

contraband, fruits, instrumentalities and evidence of such offense" are located in the sought-after

e-mail.[19]   The search warrant directs Google to produce all e-mail "of any kind sent to, from and

through the e-mail address . . . between August 1, 2015 at 12:00 AM and March 6, 2016 at 11:59

PM."[20]   The warrant states that "such information will be searched by law enforcement only for

pertinent information relating to the offering, buying or selling of securities or other related

criminal activity as might pertain to such transactions."[21]

On May 18, 2017, Google sent an e-mail notification to the subscriber at

[REDACTED]@gmail.com, indicating that it had received the search warrant and that the

---

[15]The Court disregards legal argument in determining whether Plaintiff has stated factual allegations that raise a plausible claim for relief, which comprises the majority of Plaintiff's "Complaint."  *See* Doc. 1 Part IV.

[16]Doc. 1-2.

[17]Doc. 1-1; *see GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[18]The applicant's name is redacted on the search warrant attached to the Complaint.

[19]Doc. 1-2.

[20]*Id.*

[21]*Id.*

contents sought would be disclosed to the KSC unless Google received a file-stamped objection within seven days of the notification. Plaintiff received this e-mail, and immediately informed Google of his desire to retain counsel to file an objection, and requested a copy of the legal process. On the evening of May 18, 2017, Google responded with a redacted copy of the search warrant.

On May 22, 2017, Plaintiff requested Google communicate with his counsel, and on the same day counsel acknowledged the same. On May 24, 2017, Plaintiff initiated a miscellaneous action in this Court by filing a motion to quash the search warrant issued by Judge Anderson, citing 28 U.S.C. § 1331 and 18 U.S.C. § 2707(a).[22] The Court dismissed that action because the two jurisdictional bases relied on by John Doe for the motion to quash provide for this Court's jurisdiction over civil actions, not miscellaneous actions initiated with a motion to quash a search warrant issued in a different jurisdiction. Plaintiff has now refiled his motion to quash by styling it as a civil Complaint, initiating this action. Defendant's motion to dismiss followed shortly thereafter.

## III. Discussion

Defendant again moves to dismiss this civil action for lack of jurisdiction because: (1) the Court lacks jurisdiction under the Stored Communications Act ("SCA"); (2) this Court is precluded from reviewing a state-issued search warrant under the *Younger* abstention doctrine; and (3) this Court is precluded from reviewing the search warrant under the *Rooker-Feldman* doctrine. The Court begins its discussion by attempting to discern the federal claims alleged by Plaintiff in the Complaint. Next, the Court sua sponte addresses sovereign immunity, which

---

[22]Case No. 17-213.

forecloses this Court's subject matter jurisdiction in this matter.[23]  Finally, to the extent

Congress abrogated the States' immunity from suit under the SCA, the Court addresses whether

the statute provides a basis for this Court to quash a search warrant issued by another court

before execution, and concludes that it does not.  Accordingly, the Court does not address the

*Rooker-Feldman* and *Younger* abstention doctrines.

A.      **Claims Asserted in the Complaint**

The Court begins by noting that its review of the jurisdictional and factual grounds for

this action is complicated by Plaintiff's insistence on filing a legal brief, instead of a pleading, to

initiate this action.[24]  The "Complaint" filed in this matter is neither short nor plain and is riddled

with legal argument.  Plaintiff's Complaint cites the same two grounds for jurisdiction that he

cited in his miscellaneous action: 28 U.S.C. § 1331 and 18 U.S.C. § 2707(a).

Under 28 U.S.C. § 1331, the Court has "original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States."[25]  Plaintiff states in the Complaint

that "this matter implicates Fourth Amendment Constitutional issues; therefore this Court has

original jurisdiction pursuant to 28 U.S.C. § 1331."[26]  Yet, Plaintiff fails to include a short and

plain statement in the Complaint about any federal claim he purports to advance on the basis of

the Fourth Amendment.  Instead, he cites to certain Kansas statutory provisions governing the

issuance of search warrants, and he requests "a *Franks* hearing to determine the sufficiency of

the evidence and determine whether KSC's conduct constitutes bad faith and harassment."[27]  Of

course, the Court lacks jurisdiction under § 1331 to review the sufficiency of a state court-issued

---

[23]*See* Fed. R. Civ. P. 12(h)(3).

[24]Fed. R. Civ. P. 8(a) (setting forth pleading requirements in federal court).

[25]28 U.S.C. § 1331.

[26]Doc. 1 at 2.

[27]Doc. 1 at 5.

search warrant on the basis that it violates Kansas law.  And Plaintiff provides the Court with no explanation of the jurisdictional basis for his *Franks* hearing request.  The fact that his legal memorandum indicates that the search warrant "implicates" the Fourth Amendment is not sufficient to invoke federal question jurisdiction.  Likewise, Plaintiff provides no jurisdictional grounds for his claims that the search warrant violates attorney-client privilege and work product doctrines.

Plaintiff also alleges a claim under the SCA.  18 U.S.C. § 2707 creates a private right of action for violations of the Act.  Plaintiff appears to allege a violation of § 2703, although that fact is less than pellucid from either the Complaint or the response memorandum.  That provision generally requires that electronic communications stored for less than 180 days by an electronic communication provider must be obtained by warrant; electronic communications stored for more than 180 days require a warrant unless the Government is willing to provide notice to the subscriber or customer.[28]  Both provisions require the warrant to be "issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures)."[29]

Plaintiff alleges Defendant failed to comply with certain Kansas state warrant procedures in obtaining the search warrant at issue in this case, thus violating § 2703: the statement upon which the warrant was issued was not filed with the State court as required by K.S.A. § 22-504, and it was not timely executed in accordance with K.S.A. § 22-2506, which requires that a warrant be executed within 96 hours from the time of issuance.[30]  The Court accepts these

---

[28]*See In re Warrant to Search a Certain E-mail Account Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197, 208 (2d Cir. 2016).

[29]18 U.S.C. § 2703(a), (b)(1)(A).

[30]Plaintiff also alleges that Defendant violated K.S.A. § 22-2507 by seizing files, information, and communications beyond the scope of the warrant, which appears to run contrary to the Google notice to him that the responsive documents had not yet been produced.

allegations as true for purposes of deciding this motion, and thus finds that Plaintiff's SCA claim arises under federal law.

### A.      Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[31]  The principle of sovereign immunity, which is confirmed by the Eleventh Amendment, provides that states and state agencies are generally immune from suit.[32]  When sovereign immunity applies, it deprives the court of subject matter jurisdiction, thereby shielding states from suit.[33]  Thus, "[t]he Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court."[34]  Sovereign immunity does not apply when a state waives its immunity, and in some circumstances Congress may abrogate states' sovereign immunity by appropriate legislation.[35]  "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."[36]  A "waiver of sovereign immunity 'cannot be implied'"; it "must be unequivocally expressed."[37]  Similarly, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"[38]

---

[31]*Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).

[32]*Id.* (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

[33]*Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).

[34]*Tarrant Regional Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) (citing *Hans v. Louisiana*, 134 U.S. 1, 20–21, *Edelman v. Jordan*, 415 U.S. 651, 664–66 (1974); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007)).

[35]*Va. Office for Protection & Advocacy*, 563 U.S. at 253–54 (citations omitted).

[36]*Id.*

[37]*Modoc Lassen Indian Housing Auth. v. U.S. Dep't of Housing & Urban Devel.*, 864 F.3d 1212, 1228 (10th Cir. 2017) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

[38]*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 786 (1991)).

The Supreme Court has carved out an exception to Eleventh Amendment immunity for suits for injunctive relief against state officials in their official capacities.[39]  But Plaintiff does not bring suit against a state official.  Instead, he brings claims against a state agency in its official capacity.  The KSC therefore is entitled to sovereign immunity as to his claim for injunctive relief, unless Defendant has waived its immunity or Congress has abrogated it.[40]

Plaintiff brings constitutional claims against Defendant under the Fourth Amendment.  But the Constitution does not waive a state's sovereign immunity, and "constitutional amendments themselves 'do not constitute a waiver of sovereign immunity.'"[41]  Plaintiff has identified no waiver of sovereign immunity for the constitutional claims he asserts, and the Court is aware of none.  Therefore, the Court finds that Plaintiff's constitutional claims are barred by sovereign immunity.

Section 1983 provides a vehicle for plaintiffs to bring suit against persons "acting under color of state law" for deprivations of constitutional or other federally protected rights.[42]  Importantly, § 1983 does not abrogate states' sovereign immunity, and states and their agencies do not qualify as "persons" under § 1983.[43]  Thus, to the extent Plaintiff asserts a claim under § 1983, it must be dismissed because it is barred by sovereign immunity.

---

[39]*Seminole Tribe*, 517 U.S. at 73 (citing *Ex Parte* Young, 209 U.S. 123 (1908)).

[40]*See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

[41]*Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Ascot Dinner Theatre, Ltd. v. Small Bus. Admin.*, 887 F.2d 1024 (10th Cir. 1989) (collecting cases); *see Rapp v. U.S. Marshals Serv.*, 139 F. App'x 12 (10th Cir. 2005) (holding that sovereign immunity barred plaintiff's Fourth and Fifth Amendment claims against United States Marshals Service); *Strepka v. Miller*, 28 F. App'x 823, 828 (10th Cir. 2001) (holding that plaintiff's Fourth Amendment claims against officials in their official capacities were barred by sovereign immunity).

[42]42 U.S.C. § 1983; *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (citing *D.T. ex rel. M.T. v. Indep. Sch. Dist. No. 16*, 894 F.2d 1176, 1186 (10th Cir. 1990)).

[43]*Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (10th Cir. 1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (citing *Will*, 491 U.S. at 71) ("§ 1983 does not abrogate state sovereign immunity—indeed, states are not even 'persons' within the meaning of § 1983.").

Plaintiff's Complaint also alleges violations of SCA.  The Act provides for a civil cause of action as follows:

> Except as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.[44]

"Governmental entity" is defined by the SCA as "a department or agency of the United States or any State or political subdivision thereof,"[45] and several courts have found that governmental entities are subject to liability.[46]  Although the SCA contains a limited waiver of the United States' sovereign immunity, it does not contain a clear legislative statement that abrogates the states' sovereign immunity.  Thus, this claim too must be dismissed because the Office of the Kansas Securities Commissioner is immune from suit.

### B.    SCA Claim

Assuming *arguendo* that the Office of the Kansas Securities Commissioner is not immune from suit under the SCA, this Court cannot grant the relief sought by Plaintiff.  Assuming a request by a customer or subscriber to quash a state court-issued warrant is actionable under the SCA, it plainly should have been brought before the issuing court.  Under § 2703, if a warrant is issued by a court of competent jurisdiction, a service provider like Google may be required to disclose the contents of electronic communications specified in the search warrant to the warrant applicant.  The three methods for obtaining electronic communications under § 2703 of the SCA have been described by one court as follows:

---

[44]18 U.S.C. § 2707(a).

[45]18 U.S.C. § 2711(4).

[46]*See, e.g.*, *Freedman v. Am. Online, Inc.*, 303 F. Supp. 2d 121, 125 (D. Conn. 2004) (quoting *Organizacion JD Ltda. v. U.S. Dep't of Justice*, 18 F.3d 91, 95 (2d Cir. 1994)).

In short, the government can compel disclosure from a service provider using one of three ascending tiers of legal process that are demarcated by the showing the government must make in order to utilize them: a subpoena, which requires no judicial review; a court order, which requires a judicial finding that the government has established "specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation"; or a judicially-approved SCA warrant, which is issued only on a showing of probable cause.  *See* 18 U.S.C. § 2703; *see also* Fed. R. Crim. P. 41(d).  Relatedly, the scope of the disclosure required is correlated to the showing the government is required to make; generally, the more invasive the disclosure the government seeks, the higher the evidentiary burden that is required.  For example, without prior notification to the account subscriber, a subpoena only permits service providers to disclose basic subscriber and transactional information related to an email account, see 18 U.S.C. § 2703(c)(2), while the disclosure of the content of electronic communications requires an SCA warrant.[47]

There is no procedure set forth in the statute for a subscriber or customer to move to quash or vacate a search warrant issued under § 2703.  In contrast, the SCA explicitly addresses challenges to the other two methods of obtaining electronic communications covered by the act—subpoena and court order.[48]  A service provider may move to quash or modify a court order under § 2703(d) only upon a showing that "the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider."  Assuming a search warrant is considered a "court order" under § 2703(d), the motion to quash is only authorized for a service provider, and must be filed with the issuing court.  Here, the motion to quash is brought by a customer in a non-issuing court.  There is no

---

[47]*In re Search of Info. Associated with [Redacted]@gmail.com that is Stored at Premises Controlled by Google, Inc.*, No. 16-mj-757, 2017 WL 2480752, at *2 (D.D.C. June 2, 2017), *aff'd*, 2017 WL 3445634 (D.D.C. July 31, 2017).

[48]18 U.S.C. §§ 2703(d), 2704(b).

provision in the SCA that otherwise contemplates a motion to quash a search warrant.[49]  Section 2704(b) allows for customer and subscriber challenges to backup preservation subpoenas and court orders, but as Plaintiff concedes, this section does not apply because the search warrant at issue here does not require Google create a backup copy of Plaintiff's e-mails.

The fact that the SCA does not provide a means for a customer to move to quash a search warrant does not mean that an SCA search warrant is not subject to judicial review.  As the New York Court of Appeals has explained:

> By its very nature, a warrant is subject to judicial review because it cannot be issued unless a neutral magistrate makes a finding of probable cause and particularity (see US Const 4th Amend; NY Const, art I, § 12).  In addition, there are avenues of relief available to those subjects of SCA warrants who are ultimately prosecuted and who may, therefore, challenge the validity of the warrant on statutory or constitutional grounds, as well as potential civil remedies for those who are not formally accused (*see generally* 18 USC § 2707; 42 USC § 1983; *Bivens v Six Unknown Named Agents of Fed. Bur. of Narcotics*, 456 F.2d 1339, 1347 [2d Cir 1972]).

Therefore, assuming the Office of the Kansas Securities Commissioner is not immune from suit under the SCA, the Court finds that Plaintiff cannot obtain the relief he seeks in this lawsuit under the SCA.  To the extent a motion to quash a state court-issued search warrant is actionable under the SCA, it can only be brought by the service provider, and must be brought before the court that issued the warrant.  As such, even if Congress did abrogate the states' sovereign immunity under the SCA, that claim is subject to dismissal.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 5) is **granted**.  This action is dismissed in its entirety without prejudice for lack of jurisdiction.

---

[49]*See In re Search Warrants Directed to Facebook, Inc.*, 78 N.E.3d 141, 145 (N.Y. 2017) (assuming without deciding that a motion to quash a SCA warrant is proper under the statute); *see also id.* at 160 (Wilson, J. dissenting) (collecting cases holding that the SCA authorizes a service provider's motion to quash a search warrant).

**IT IS SO ORDERED.**

Dated: November 17, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE